**MESSNER REEVES LLP**
Andrew Hollins (SBN 80194)
ahollins@messner.com
Allan B. Claybon (SBN 239021)
aclaybon@messner.com
650 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304

Attorneys for CUSTOMS BY ILENE,
INC. ILENE ARELLANO, RAYMOND
QUIROZ and BRIAN PORTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC.<br><br>                  Plaintiff,<br><br>         v.<br><br>CUSTOMS BY ILENE,<br><br>                  Defendant. | Case No. 5:21-cv-01201<br><br>**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**<br><br>[DEMAND FOR JURY TRIAL] |

Defendant Raymond Quiroz ("Quiroz" or "Defendant"), for himself only, by and through his attorneys, hereby answers the First Amended Complaint asserted by Plaintiff Nike, Inc. ("Nike" or "Plaintiff"):

## ANSWER

## GENERAL DENIAL

Unless specifically admitted below, Defendant denies each and every allegation set forth in the Answer. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Nike is entitled to the relief requested or any other relief.

{06733673 / 2}

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

1

2                                    **PRELIMINARY STATEMENT**

3          1.      Defendant denies that he has engaged in any alleged bad acts.

4   Defendant lacks adequate information to admit or deny the remainder of allegations

5   of Paragraph 1.

6          2.      Defendant admits that Drip Creationz is a California-based company

7   that resold authentic Nike Air Force 1 products purchased from Nike and its

8   authorized distributors and sellers. Defendant denies the remainder of Paragraph 2.

9          3.      Defendant admits that Drip Creationz sold customized Nike Air Force

10  1 products. Defendant does not have sufficient information to admit or deny the

11  authenticity of the images contained in this Paragraph as it cannot identify the

12  source of these alleged photographs. Defendant denies the remainder of this

13  Paragraph 3.

14         4.      Defendant denies the allegations stated in Paragraph 4 of the First

15  Amended Complaint.

16         5.      Defendant denies the allegations stated in Paragraph 5 of the First

17  Amended Complaint.

18         6.      Defendant lacks sufficient information to admit or deny the facts and

19  allegations of Paragraph 6

20         7.      Defendant admits that Drip Creationz sold shoes referred to as "D1."

21  Defendant does not have sufficient information to admit or deny the authenticity of

22  the image contained in this Paragraph as he cannot identify the source of this alleged

23  photograph. Defendant denies the remainder of Paragraph 7.

24         8.      Defendant denies the allegations stated in Paragraph 8 of the First

25  Amended Complaint.

26         9.      Defendant denies the allegations stated in Paragraph 9 of the First

27  Amended Complaint.

28

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

10.     Defendant admits that Dripz 2.0 operates within the State of California and has sold D1 shoes. Defendant denies the remainder of Paragraph 10.

11.     Defendant denies the allegations stated in Paragraph 11.

12.     Drip Creationz admits that the Individual Defendants have owned shares in Dripz 2.0.

13.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 13.

**THE PARTIES**

14.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 14.

15.     Defendant admits Paragraph 15.

16.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 16.

17.     Defendant lacks sufficient information to admit or deny the business address of this individual.

18.     Defendant lacks sufficient information to admit or deny the business address of this individual

19.     .Defendant admits that he resides in this District. Defendant denies he has a business address in Corona, California.

**JURISDICTION AND VENUE**

20.     Defendant admits that jurisdiction is proper in this Court.

21.     Defendant admits that Drip Creationz's principal place of business is in this District and that it does business in this District. Defendant denies he has committed acts of infringement.

22.     Defendant admits that Drip Creationz's principal place of business is in this District and that it does business in this District. Defendant denies it has committed acts of infringement.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

23.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 23.

24.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 24.

25.     Defendant admits that he resides in this District.

26.     Defendant denies the allegations stated in paragraph 26.

27.     Defendant admits that venue is proper in this District with respect to claims against him.

## FACTUAL BACKGROUND

28.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 28.

29.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 29.

30.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 30.

31.     Defendant denies the allegations stated in Paragraph 31 of the First Amended Complaint.

32.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 32.

33.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 33.

34.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 34.

35.     Paragraph 35 contains a purported quotation of a Ninth Circuit opinion which does not require a response.

36.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 36.

37.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 37.

38.     Defendant admits Paragraph 38.

39.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 39.

40.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 40.

41.     Defendant admits that Nike promotes its products through a variety of means. Defendant lacks adequate information to admit or deny the precise types of means Nike utilizes.

42.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 42.

43.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 43.

44.     Defendant admits that Nike was featured in the 2013 article accessible at https://www.complex.com/life/2013/03/the-50-most-iconic-brand-logos-of-all-time/nike.

45.     Paragraph 45 lacks specificity and on that basis, Defendant denies.

46.     Defendant admits that Nike is the listed owner with the USPTO of the registrations listed in Paragraph 46.

47.     Defendant admits that Nike has made claims of incontestability for the registrations listed in Paragraph 47. Defendant lacks adequate information to admit or deny the validity of the incontestable statues of the listed registrations.

48.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 48.

49.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 49.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

50.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 50.

51.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 51.

52.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 52.

53.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 53.

54.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 54.

55.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 55.

56.     Defendant admits that customers may design customized shoes at Nike.com. Defendant lacks adequate information to admit or deny the remaining facts and allegations of Paragraph 56.

57.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 57.

58.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 58.

59.     Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 59.

60.     Defendant admits that Nike is the listed owner with the USPTO of the registrations listed in Paragraph 60.

61.     Defendant denies that each of the marks listed in Paragraph 49 have achieved incontestable status. Most specifically, Registration No. 4902368 has been canceled by the USPTO. Registration No. 5820374 has not filed an affidavit regarding incontestability as of the date of this Answer.

62. Paragraph 62 consists of a statement that does not require an admission or denial.

63. Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 63.

64. Defendant lacks sufficient information to admit or deny the facts and allegations of Paragraph 64.

65. Defendant denies the allegations stated in Paragraph 65 of the First Amended Complaint.

66. Defendant denies that he promotes or sells any products in a manner which infringes upon the rights of Nike.

67. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 67.

68. Defendant denies that he promotes or sells any products in a manner which infringes upon the rights of Nike.

69. Defendant denies the allegations stated in Paragraph 69 of the First Amended Complaint.

70. Defendant denies the allegations stated in Paragraph 70 of the First Amended Complaint.

71. Defendant denies the allegations stated in Paragraph 71 of the First Amended Complaint.

72. Defendant denies the allegations stated in Paragraph 72 of the First Amended Complaint.

73. Defendant denies the allegations stated in Paragraph 73 of the First Amended Complaint.

74. Defendant denies the allegations stated in Paragraph 74 of the First Amended Complaint.

75. Defendant denies the allegations stated in Paragraph 75 of the First Amended Complaint.

76.     Defendant denies the allegations stated in Paragraph 76 of the First Amended Complaint.

77.     Defendant admits that Drip Creationz promoted and sold customized Air Force 1 shoes. Defendant denies the remainder of Paragraph 77 and the implication that direct approval of Nike is necessary or required for lawful sale of customized products.

78.     Defendant admits that Drip Creationz promoted and sold customized Air Force 1 shoes. Defendant denies the remainder of Paragraph 78 and the implication that direct approval of Nike is necessary or required for lawful sale of customized products.

79.     Defendant admits that Drip Creationz transported products in their original, authentic Nike boxes with additional markings. Drip Creationz does not have sufficient information to admit or deny the authenticity of the images contained in this Paragraph as he cannot identify the source of these alleged photographs. Defendant denies that a likelihood of confusion exists.

80.     Defendant admits that Drip Creationz sold customized products without direct approval of Nike. Defendant denies the remainder of allegations of this Paragraph and the implication that direct approval of Nike is necessary or required for lawful sale of customized products.

81.     Defendant denies the allegations stated in Paragraph 81 of the First Amended Complaint.

82.     Defendant admits that Drip Creationz sold a product called "D1". Defendant does not have sufficient information to admit or deny the authenticity of the images contained in this Paragraph as he cannot identify the source of these alleged screenshots. Defendant denies the remainder of the allegations in Paragraph 82 including the truth of the allegations contained within the alleged screenshots included.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

83.     Defendant admits that "D1" products are not Nike products. Defendant denies the remainder of allegations of Paragraph 83 and the implication that direct approval of Nike is necessary or required for lawful sale of customized products.

84.     Defendant denies the allegations stated in Paragraph 84 of the First Amended Complaint.

85.     Defendant denies the allegations stated in Paragraph 85 of the First Amended Complaint.

86.     Defendant denies the allegations stated in Paragraph 86 of the First Amended Complaint.

87.     Defendant denies the allegations stated in Paragraph 87 of the First Amended Complaint.

88.     Defendant denies the allegations stated in Paragraph 88 of the First Amended Complaint.

89.     Defendant denies the allegations stated in Paragraph 89 of the First Amended Complaint.

90.     Defendant denies the allegations stated in Paragraph 90 of the First Amended Complaint.

91.     Defendant denies the allegations stated in Paragraph 91 of the First Amended Complaint.

92.     Defendant admits that Drip Creationz sold patches for customization of shoes. Defendant does not have sufficient information to admit or deny the authenticity of the images contained in this Paragraph as he cannot identify the source of these alleged photographs. Defendant denies the remainder of allegations in Paragraph 92.

93.     Defendant admits that Drip Creationz has used the word "Swoosh" in its marketing. Defendant does not have sufficient information to admit or deny the authenticity of the images contained in this Paragraph as he cannot identify the source of these alleged photographs.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

94.     Defendant admits that Drip Creationz has sold patches that are not Nike products. Defendant denies the remainder of allegations of this Paragraph and the implication that direct approval of Nike is necessary or required for lawful sale of customized products.

95.     Defendant denies the allegations stated in Paragraph 95 of the First Amended Complaint.

96.     Defendant denies the allegations stated in Paragraph 96 of the First Amended Complaint.

97.     Defendant denies the allegations stated in Paragraph 97 of the First Amended Complaint.

98.     Defendant denies the allegations stated in Paragraph 98 of the First Amended Complaint.

99.     Defendant denies the allegations stated in Paragraph 99 of the First Amended Complaint.

100.    Defendant denies the allegations stated in Paragraph 100 of the First Amended Complaint.

101.    Defendant denies the allegations stated in Paragraph 101 of the First Amended Complaint.

102.    Defendant denies the allegations stated in Paragraph 102 of the First Amended Complaint.

103.    Defendant denies the allegations stated in Paragraph 103 of the First Amended Complaint.

104.    Defendant denies the allegations stated in Paragraph 104 of the First Amended Complaint.

105.    Defendant denies the allegations stated in Paragraph 105 of the First Amended Complaint.

106.    Defendant denies the allegations stated in Paragraph 106 of the First Amended Complaint.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

107.   Defendant denies the allegations stated in Paragraph 107 of the First Amended Complaint.

108.   Defendant denies the allegations stated in Paragraph 108 of the First Amended Complaint.

109.   Defendant denies the allegations stated in Paragraph 109 of the First Amended Complaint.

110.   Defendant denies the allegations stated in Paragraph 110 of the First Amended Complaint.

111.   Defendant denies the allegations stated in Paragraph 111 of the First Amended Complaint.

112.   Defendant denies the allegations stated in Paragraph 112 of the First Amended Complaint.

113.   Defendant denies the allegations stated in Paragraph 113 of the First Amended Complaint.

## COUNT I: COUNTERFEITING
## IN VIOLATION OF 15 U.S.C. § 1114

114.   Paragraph 114 consists of a statement that does not require an admission or denial.

115.   Defendant denies the allegations stated in Paragraph 115 of the First Amended Complaint.

116.   Defendant denies the allegations stated in Paragraph 116 of the First Amended Complaint.

117.   Defendant denies the allegations stated in Paragraph 117 of the First Amended Complaint.

118.   Defendant denies the allegations stated in Paragraph 118 of the First Amended Complaint.

119.   Defendant denies the allegations stated in Paragraph 119 of the First Amended Complaint.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

120.   Defendant denies the allegations stated in Paragraph 120 of the First Amended Complaint.

121.   Defendant denies the allegations stated in Paragraph 121 of the First Amended Complaint.

122.   Defendant denies the allegations stated in Paragraph 122 of the First Amended Complaint.

123.   Defendant denies the allegations stated in Paragraph 123 of the First Amended Complaint.

124.   Defendant denies the allegations stated in Paragraph 124 of the First Amended Complaint.

## COUNT II: TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

125.   Defendant repeats, and fully incorporates by reference, his answers to Paragraphs 1–125 of the First Amended Complaint.

126.   Defendant denies the allegations stated in Paragraph 126 of the First Amended Complaint.

127.   Defendant denies the allegations stated in Paragraph 127 of the First Amended Complaint.

128.   Defendant denies the allegations stated in Paragraph 128 of the First Amended Complaint.

129.   Defendant denies the allegations stated in Paragraph 129 of the First Amended Complaint.

130.   Defendant denies the allegations stated in Paragraph 130 of the First Amended Complaint.

131.   Defendant denies the allegations stated in Paragraph 131 of the First Amended Complaint.

132.   Defendant denies the allegations stated in Paragraph 132 of the First Amended Complaint.

ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT

## COUNT III: FALSE DESIGNATION OF ORIGIN/
## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

133.   Defendant repeats, and fully incorporates by reference, his answers to Paragraphs 1–133 of the First Amended Complaint.

134.   Defendant denies the allegations stated in Paragraph 134 of the First Amended Complaint.

135.   Defendant denies the allegations stated in Paragraph 135 of the First Amended Complaint.

136.   Defendant denies the allegations stated in Paragraph 136 of the First Amended Complaint.

137.   Defendant denies the allegations stated in Paragraph 137 of the First Amended Complaint.

138.   Defendant denies the allegations stated in Paragraph 138 of the First Amended Complaint.

139.   Defendant denies the allegations stated in Paragraph 139 of the First Amended Complaint.

## COUNT IV: TRADEMARK DILUTION
## IN VIOLATION OF 15 U.S.C. § 1125(C)

140.   Defendant repeats, and fully incorporates by reference, his answers to Paragraphs 1–114 of the First Amended Complaint.

141.   Defendant denies the allegations stated in Paragraph 141 of the First Amended Complaint.

142.   Defendant denies the allegations stated in Paragraph 142 of the First Amended Complaint.

143.   Defendant denies the allegations stated in Paragraph 143 of the First Amended Complaint.

144.   Defendant denies the allegations stated in Paragraph 144 of the First Amended Complaint.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

145.   Defendant denies the allegations stated in Paragraph 145 of the First Amended Complaint.

146.   Defendant denies the allegations stated in Paragraph 146 of the First Amended Complaint.

147.   Defendant denies the allegations stated in Paragraph 147 of the First Amended Complaint.

148.   Defendant denies the allegations stated in Paragraph 148 of the First Amended Complaint.

## COUNT V: UNFAIR COMPETITION
## UNDER CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

149.   Defendant repeats, and fully incorporates by reference, his answers to Paragraphs 1–149 of the First Amended Complaint.

150.   Defendant denies the allegations stated in Paragraph 150 of the First Amended Complaint.

151.   Defendant denies the allegations stated in Paragraph 151 of the First Amended Complaint.

## COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

152.   Defendant repeats, and fully incorporates by reference, his answers to Paragraphs 1–152 of the First Amended Complaint.

153.   Defendant denies the allegations stated in Paragraph 153 of the First Amended Complaint.

154.   Defendant denies the allegations stated in Paragraph 154 of the First Amended Complaint.

155.   Defendant denies the allegations stated in Paragraph 155 of the First Amended Complaint.

156.   Defendant denies the allegations stated in Paragraph 156 of the First Amended Complaint.

157.   Defendant denies the allegations stated in Paragraph 157 of the First Amended Complaint.

158.   Defendant denies the allegations stated in Paragraph 158 of the First Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies that Nike is entitled to any relief requested against Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.   Nike's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

2.   There is no likelihood of confusion between Nike's asserted marks and the marks and/or usages made by Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Fair Use)

3.   The acts of Defendant are excluded from liability based upon the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE

(First Sale Doctrine)

4.   The First Amended Complaint is barred in whole or in part on the grounds that Defendant's resale of the goods amount to a resale by the first purchaser of the original product and is thus protected under the first sale doctrine and does not constitute trademark infringement or unfair competition.

**FIFTH AFFIRMATIVE DEFENSE**

(Implied License)

5.     Nike has issued to Defendant an implied license to customize or otherwise resell Nike products.

**SIXTH AFFIRMATIVE DEFENSE**

(No Harm)

6.     Nike has sustained no harm, irreparable or otherwise, due to the alleged actions of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Invalidity of Trademarks)

7.     One or more of the asserted marks of Nike is invalid based upon its failure to operate as a mark and/or a failure of Nike to make continuous use of its purported marks.

**EIGHTH AFFIRMATIVE DEFENSE**

(Doctrine of Unclean Hands)

8.     Nike's claims, in whole or in part, are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

9.     Nike's claims are barred, in whole or in part, because any recovery would result in Nike's unjust enrichment.

**TENTH AFFIRMATIVE DEFENSE**

(Implied License)

10.     Nike's claims are barred, in whole or in part, because it has issued an implied license to Defendant in relation to the resale and customization of Nike's products.

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Nike's claims are barred, in whole or in part, based upon the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.     Nike's claims are barred, in whole or in part, based upon the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

13.     Nike's claims are barred, in whole or in part, based upon the doctrine of acquiescence.

## <u>REQUEST FOR RELIEF</u>

Wherefore, given Defendant above response to the First Amended Complaint, Defendant respectfully requests that this Court grant him the following relief:

1.     That the First Amended Complaint be dismissed with prejudice and judgment granted in favor of Defendant;

2.     That the Court award Defendant his reasonable attorneys' fees in connection with this litigation pursuant to 15 U.S.C. § 1117, this being an exceptional case;

3.     That the Court award Defendant his costs in connection with this litigation; and

4.     That the Court award Defendant such other and further relief as the Court deems just and proper.

///

///

///

///

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

1

## JURY TRIAL DEMAND

2

Defendant Quiroz respectfully demands a jury on all issues so triable.

3

4   DATED:  October 5, 2022                    Respectfully submitted,

5                                              **MESSNER REEVES LLP**

6

7

8                                              _____/s/ Andrew Hollins_____

9                                              Andrew Hollins
                                               Allan B. Claybon
10                                             Attorneys for CUSTOMS BY ILENE,
                                               INC. ILENE ARELLANO, RAYMOND
11                                             QUIROZ and BRIAN PORTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE NAME: NIKE, INC. V. CUSTOMS BY ILENE, INC.**

**ACTION NO.:**      **USDC – SOUTHERN DISTRICT CASE NO.:**
                     **5:21-CV-01201**

<u>**CERTIFICATE OF SERVICE**</u>

**METHOD OF SERVICE**

   ¨ First Class Mail          ¨ Facsimile               ¨ Messenger Service

   ¨ Overnight Delivery      ý E-Mail/Electronic delivery

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 650 Town Center Drive, Suite 700, Costa Mesa, California  92626, County of Orange County.

3. On October 5, 2022I served the following documents:

# ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

**SEE ATTACHED SERVICE LIST**

5. I served the documents by the following means:

     a. ¨ By United States mail:  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at the address listed in Paragraph 2 above.

     b. ¨ By overnight delivery:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

     c. ¨ By messenger:  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a messenger for service.

     d. ¨ By fax transmission:  Based on an agreement between the parties and in conformance with Rule 2.306, and/or as a courtesy, I faxed the documents to the persons at the fax numbers listed in item 4.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

e.  XX  By email or electronic transmission:  Based on an agreement between the parties and/or as a courtesy, I sent the documents via my electronic service address (mestrada@messner.com) to the persons at the email addresses listed in item 4.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Date: October 5, 2022                    */s/ Mary Estrada*

_____
Mary Estrada

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**

**SERVICE LIST**

CHRISTOPHER J. RENK
MICHAEL J. HARRIS
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
Fax: (312) 583-2360
Email: Chris.Renk@arholdporter.com
Email: Michael.Harris@arnoldporter.com
*Attorneys for Plaintiff*

RHONDA R. TROTTER
MICHAEL J. SEBBA
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Tel: (213) 243-4000
Fax: (213) 243-4199
Email: Rhonda.Trotter@arnoldporter.com
Email: Michael.Sebba@arnaoldporter.com
*Attorneys for Plaintiff*

BRIDGETTE C. BOYD
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001
Tel: (202) 942-6745
Email: Bridgette.Boyd@arnoldporter.com
*Attorneys for Plaintiff*

ERIK M. MCLAIN
MCLAIN PC
One Park Plaza, Suite 600
Irvine, CA 92614
T: (949) 403-7181
Email: em@mclainfirm.com
*Attorneys for Defendant Dripz, inc.*

{06733673 / 2}

21

**ANSWER OF RAYMOND QUIROZ TO FIRST AMENDED COMPLAINT**