# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CUSTOMS BY ILENE, INC., D/B/A DRIP CREATIONZ; DRIPZ, INC.; ILENE ARELLANO; RAYMOND QUIROZ; and BRIAN PORTER, <br><br> Defendants. | Case No. 5:21-cv-01201-JWH-SP <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS CUSTOMS BY ILENE, INC. D/B/A DRIP CREATIONZ, RAYMOND QUIROZ, AND BRIAN PORTER** |

The Court, being advised that Plaintiff Nike, Inc. ("Nike") and Defendants Customs By Ilene, Inc. d/b/a Drip Creationz, Raymond Quiroz, and Brian Porter (collectively, "Drip Creationz") stipulate and agree to the entry of a final and enforceable judgment regarding Nike's claims against Drip Creationz, enters this Order as a final and enforceable judgment in the matter as to those claims.

## I. FINDINGS

A.  Drip Creationz stipulates, agrees, and acknowledges that Nike is the exclusive owner of the following registered trademarks and all related common law rights (collectively, the "Asserted Marks"):

| Nike's Asserted Marks | |
|---|---|
| Reg. No. | Mark |
| 3,451,904 | (shoe sole design) |
| 3,451,905 | (shoe side design) |
| 5,820,374 | (shoe side design) |
| 977,190 | (Swoosh design) |
| 1,200,529 | SWOOSH |
| 1,238,853 | NIKE (with Swoosh) |

| Nike's Asserted Marks | |
|---|---|
| Reg. No. | Mark |
| 1,284,385 | (Swoosh logo) |
| 1,323,342 | (Cortez shoe design) |
| 1,323,343 | (Swoosh logo) |
| 1,325,938 | (NIKE with swoosh logo) |
| 1,990,180 | (Swoosh logo) |
| 2,164,810 | SWOOSH |

B. Drip Creationz stipulates, agrees, and acknowledges that the Asserted Marks are valid and enforceable; Drip Creationz stipulates, agrees, and acknowledges that Nike uses the Asserted Marks in connection with its Nike Air Force 1 footwear products (*i.e.*, "Nike Air Force 1 Sneakers").

C. Drip Creationz stipulates, agrees, and acknowledges that Drip Creationz purchased authentic Nike Air Force 1 Sneakers, made material alterations and customizations to those sneakers, and then marketed and sold those sneakers as "customized AF1s" (*i.e.*, the "Customized AF1 Products") without Nike's authorization.

D. Drip Creationz stipulates, agrees, and acknowledges that Drip Creationz marketed and sold certain footwear products known as the "D1" sneakers (*i.e.*, "Drip Creationz' D1 Products").

E. Drip Creationz stipulates, agrees, and acknowledges that Drip Creationz sold patches bearing Nike's Asserted Marks, marketing those patches as "Swoosh Patches" (*i.e.*, the "Swoosh Patches").

## II. JUDGMENT AND PERMANENT INJUNCTION

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Judgment is entered for Nike and against Drip Creationz on all counts in Nike's First Amended Complaint[1] because Drip Creationz infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing:

   a. Customized AF1 Products;

   b. Drip Creationz' D1 Products; and

   c. Swoosh Patches (collectively, the "Drip Creationz Products").

Examples of the Drip Creationz Products are shown below;

| Examples of the Drip Creationz Products |
|---|
| **Drip Creationz' Customized AF1 Products** |
|  |

---

[1] First Amended Complaint [ECF No. 41].

| Examples of the Drip Creationz Products |
|---|
| Drip Creationz' Customized AF1 Products |



2. Drip Creationz infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing Customized AF1 Products at least because:

        a.    the Customized AF1 Products were authentic Nike Air Force 1 Sneakers that were materially altered by Drip Creationz, including by adding images, materials, stitching, and/or colorways that Nike never approved, authorized, or offered;

        b.    the Customized AF1 Products entailed deconstructing authentic Nike Air Force 1 Sneakers and replacing and/or adding material to the sneakers, including third party trademarks and protected images suggesting false collaborations; and

        c.    Drip Creationz mass produced the Customized AF1 Products in large quantities for promotion and sale.

3.    Drip Creationz infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing the Drip Creationz' D1 Products and Swoosh Patches at least because the Drip Creationz' D1 Products and Swoosh Patches bear infringing, colorable imitations of the Asserted Marks.

4.    Drip Creationz, and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Drip Creationz, are hereby permanently enjoined from:

        a.    making, promoting, advertising, publicizing (which includes, for example, publicly displaying photos or drawings on social media accounts or websites), offering for sale, selling, distributing, and importing the Drip Creationz Products, colorable imitations thereof, and/or any other unauthorized customizations of Nike sneakers;

        b.    making, promoting, advertising, publicizing (which includes, for example, publicly displaying photos or drawings on social media accounts or websites), offering for sale, selling, distributing, and importing any products (including but not limited to the Drip Creationz Products and any other unauthorized customizations of Nike sneakers) bearing the

Asserted Marks or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Drip Creationz caused to enter the stream of commerce or any of Drip Creationz' commercial activities are sponsored or licensed by Nike, are authorized by Nike, or are connected or affiliated in some way with Nike or the Asserted Marks;

  c. implying Nike's approval, endorsement, or sponsorship of, or affiliation or connection with, Drip Creationz' products, services, or commercial activities, passing off Drip Creationz' business as that of Nike, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Nike and from otherwise interfering with or injuring the Asserted Marks or the goodwill associated therewith;

  d. engaging in any act that is likely to dilute the distinctive quality of the Asserted Marks and/or injures Nike's business reputation;

  e. representing or implying that Drip Creationz is in any way authorized, licensed, sanctioned, certified, approved, endorsed, sponsored, or backed by, or affiliated with Nike; and/or

  f. knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities prohibited in (a) through (e) above in exchange for compensation.

5. This Order concludes this action as to Nike's claims against Drip Creationz, and this action remains pending only as to Defendant Ilene Arellano, who is subject to a mandatory stay pursuant to 11 U.S.C. § 362(a)(1).

6. This Court shall retain jurisdiction over Drip Creationz to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

**IT IS SO ORDERED.**

Dated: September 11, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-9-