JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., | Case No. 5:21-cv-01201-JWH-SP |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT ILENE ARELLANO** |
| CUSTOMS BY ILENE, INC., d/b/a Drip Creationz, DRIPZ, INC., ILENE ARELLANO, RAYMOND QUIROZ, and BRIAN PORTER, | |
| Defendants. | |

1  The Court, being advised that Plaintiff Nike, Inc. ("Nike") and
2  Defendant Ilene Arellano ("Arellano") stipulate and agree to the entry of a final
3  and enforceable judgment regarding Nike's claims against Arellano, enters this
4  Order as a final and enforceable judgment in the matter as to those claims.
5  The Court hereby makes the following **FINDINGS**:
6  A. Arellano stipulates, agrees, and acknowledges that she is a co-
7  founder and principal of Customs By Ilene, Inc. ("Drip Creationz").
8  B. Arellano stipulates, agrees, and acknowledges that Nike is the
9  exclusive owner of the following registered trademarks and all related common
10 law rights (collectively, the "Asserted Marks"):

| Nike's Asserted Marks | |
|---|---|
| Reg. No. | Mark |
| 3,451,904 | [shoe sole design] |
| 3,451,905 | [shoe side design] |
| 5,820,374 | [shoe side design] |
| 977,190 | [Swoosh logo] |
| 1,200,529 | SWOOSH |
| 1,238,853 | [NIKE with Swoosh logo] |

-2-

| Nike's Asserted Marks ||
|---|---|
| Reg. No. | Mark |
| 1,284,385 | (swoosh logo) |
| 1,323,342 | (shoe with swoosh) |
| 1,323,343 | (swoosh logo) |
| 1,325,938 | NIKE (with swoosh) |
| 1,990,180 | (swoosh logo) |
| 2,164,810 | SWOOSH |

C. Arellano stipulates, agrees, and acknowledges that the Asserted Marks are valid and enforceable.

D. Arellano stipulates, agrees, and acknowledges that Nike uses the Asserted Marks in connection with its Nike Air Force 1 footwear products (*i.e.*, "Nike Air Force 1 Sneakers").

E. Arellano stipulates, agrees, and acknowledges that Arellano purchased authentic Nike Air Force 1 Sneakers, made material alterations and customizations to those sneakers, and then marketed and sold those sneakers as "customized AF1s" (*i.e.*, the "Customized AF1 Products") without Nike's authorization.

-3-

F. Arellano stipulates, agrees, and acknowledges that Arellano, marketed and sold certain footwear products known as the "D1" sneakers (*i.e.*, "Drip Creationz' D1 Products").

G. Arellano stipulates, agrees, and acknowledges that Arellano sold patches bearing Nike's Asserted Marks, marketing those patches as "Swoosh Patches" (*i.e.*, the "Swoosh Patches").

Based upon the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1. Judgment is entered for Nike and against Arellano on all counts in Nike's First Amended Complaint (ECF No. 41) because Arellano infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing:

   a. Customized AF1 Products;
   b. Drip Creationz' D1 Products; and
   c. Swoosh Patches (collectively, the "Drip Creationz Products").

Examples of the Drip Creationz Products are shown below:

| Examples of the Drip Creationz Products |
|---|
| Drip Creationz' Customized AF1 Products |
|  |

| Examples of the Drip Creationz Products |
|---|
| Drip Creationz' Customized AF1 Products |

| Examples of the Drip Creationz Products |
|---|
| Drip Creationz' D1 Products |

 

-6-

| Examples of the Drip Creationz Products |
|---|
| Swoosh Patches |
|  |

2. Arellano infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing Customized AF1 Products at least because:

    a. the Customized AF1 Products were authentic Nike Air Force 1 Sneakers that were materially altered by Arellano including by adding images, materials, stitching, and/or colorways that Nike never approved, authorized, or offered;

    b. the Customized AF1 Products entailed deconstructing authentic Nike Air Force 1 Sneakers and replacing and/or adding material to the sneakers, including third party trademarks and protected images suggesting false collaborations; and

    c. Arellano mass produced the Customized AF1 Products in large quantities for promotion and sale.

3. Arellano infringed the Asserted Marks by making, promoting, advertising, offering for sale, selling, and/or distributing the Drip Creationz' D1 Products and Swoosh Patches at least because the Drip Creationz' D1 Products and Swoosh Patches bear infringing, colorable imitations of the Asserted Marks.

4. Arellano, and her agents, employees, attorneys, and all other persons acting in concert with Arellano, are hereby permanently enjoined from:

  a. making, promoting, advertising, publicizing (which includes, for example, publicly displaying photos or drawings on social media accounts or websites), offering for sale, selling, distributing, and importing the Drip Creationz Products, colorable imitations thereof, and/or any other unauthorized customizations of Nike sneakers;

  b. making, promoting, advertising, publicizing (which includes, for example, publicly displaying photos or drawings on social media accounts or websites), offering for sale, selling, distributing, and importing any products (including but not limited to the Drip Creationz Products and any other unauthorized customizations of Nike sneakers) bearing the Asserted Marks or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Arellano or Drip Creationz caused to enter the stream of commerce or any of Arellano's or Drip Creationz' commercial activities are sponsored or licensed by Nike, are authorized by Nike, or are connected or affiliated in some way with Nike or the Asserted Marks;

  c. implying Nike's approval, endorsement, or sponsorship of, or affiliation or connection with, any of Arellano's or Drip Creationz' products, services, or commercial activities; passing off Arellano's or Drip Creationz' business as that of Nike; or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Nike and from otherwise interfering with or injuring the Asserted Marks or the goodwill associated therewith;

  d. engaging in any act that is likely to dilute the distinctive quality of the Asserted Marks and/or injures Nike's business reputation;

    e. representing or implying that Arellano or Drip Creationz is in any way authorized, licensed, sanctioned, certified, approved, endorsed, sponsored, or backed by, or affiliated with Nike; and/or

    f. knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities prohibited in Paragraphs 6.a through e above in exchange for compensation.

 5. This Order concludes this action as to Nike's claims against Arellano.

 6. This Court shall retain jurisdiction over Arellano to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

 7. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: November 2, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE